# EXHIBIT H

**Rick Ostrove**

| | |
|---|---|
| **From:** | Salomon Menyeng <smenyeng@osc.ny.gov> |
| **Sent:** | Wednesday, July 5, 2023 4:59 PM |
| **To:** | Rick Ostrove |
| **Cc:** | Brandon Okano |
| **Subject:** | RE: ROBERT AGOSTISI v. JOHN BENDO - Docket No.: 21-cv-07182- non-party subpoena served on the Office of the New York State Comptroller |

Rick,

First and again, as shown in OSC's June 16, 2023 email to you, OSC never agreed to waive its privileges.  OSC's February 9, 2023 response to the subpoena expressly raised all applicable privileges, including the mental process privilege, attorney-client privilege, the deliberative process privilege, and the attorney work product doctrine.  During our subsequent discussions, OSC maintained its privileges and thus, agreed to provide a privilege log. And, by an April 28, 2023 email, you agreed that OSC would not waive any privileges by producing records before the completion of the privilege log.

Second, OSC has fully complied with its obligations.  On February 9, OSC timely served written objections upon the plaintiff. It is settled that serving written objections on the issuing party shifts the burden back to the issuing party and suspends the obligations of the responding party until the issuing party files a motion to compel with the court.  So, you incorrectly assume that, despite OSC's objection to the subpoena as overly broad and unduly burdensome, OSC was required to produce documents by March 30, 2023.  OSC met and conferred with the plaintiff in good faith.  As you concede, OSC produced all the documents to which OSC did not object (about 18,000 pages).  OSC also sent you a privilege log describing all the documents that OSC withheld or redacted as privileged.  The privileged documents listed in the privilege log fall under the same category: they are internal deliberations/communications between OSC employees, including documents that OSC staff created to support those internal deliberations.

Third, your contention that OSC wrongly redacted the privilege log is incorrect.  As OSC's May 31, 2023 email explains, "rows reflecting non-privileged email attachments have been blackened out because those attachments have been or are being produced." For example, Part B of the log lists emails, including any attachments, that OSC withheld as privileged. During the quality control, OSC determined that certain email attachments should have been produced because they were not privileged.  OSC produced those non-privileged attachments, including document bates-numbered OSC0021746, to which your June 21, 2023 letter seeks access.  So, you already possess all the documents described in the rows that were blackened out.  OSC is not required to log non-privileged documents that have already been produced.

Fourth, contrary to your contention, the privilege log is complete and provides sufficient detail to allow the plaintiff to assess OSC's privilege claims. The production was organized chronologically, and each document is assigned a bates number. The log also identifies the privilege(s) being asserted for each document. It would be disproportionately burdensome to revise the log based on your preferred structure.

Fifth and finally, OSC stands by its assertion that internal deliberations/communications between OSC employees, including documents that OSC staff created to support those internal deliberations, are a) irrelevant and b) privileged. Also, to the extent that unredacted file names contained privileged information,

any disclosure was inadvertent. I just returned from parental leave and will be sending you corrected files once I review the documents listed in page 4 of your letter.

Thanks,


Salomon T. Menyeng
Assistant Counsel for State Audit & Litigation
Office of the New York State Comptroller
110 State Street, 14th Floor
Albany, NY 12236
Email: smenyeng@osc.ny.gov
Office: (518) 474-6036


**From:** Rick Ostrove <ROstrove@LeedsBrownLaw.com>
**Sent:** Wednesday, June 21, 2023 6:06 PM
**To:** Salomon Menyeng <smenyeng@osc.ny.gov>
**Cc:** Brandon Okano <BOkano@LeedsBrownLaw.com>
**Subject:** RE: ROBERT AGOSTISI v. JOHN BENDO - Docket No.: 21-cv-07182- non-party subpoena served on the Office of the New York State Comptroller

See attached responsive letter.

Rick Ostrove
Leeds Brown Law. P.C.
One Old Country Road
Carle Place, N.Y. 11514
516-873-9550
rostrove@leedsbrownlaw.com


**From:** Salomon Menyeng <smenyeng@osc.ny.gov>
**Sent:** Friday, June 16, 2023 12:31 PM
**To:** Rick Ostrove <ROstrove@LeedsBrownLaw.com>
**Cc:** Brandon Okano <BOkano@LeedsBrownLaw.com>
**Subject:** RE: ROBERT AGOSTISI v. JOHN BENDO - Docket No.: 21-cv-07182- non-party subpoena served on the Office of the New York State Comptroller

Hi Rick –

I am currently out of the office as my wife just gave birth and is recovering from childbirth. I will return on July 5, 2023. Following is OSC's response to your below email. If you have additional questions, we can discuss when I return.

**A. OSC has fully complied with its obligations.**
The parties agreed on search terms, custodians, and the temporal scope. On April 28, 2023, OSC produced all the non-privileged records it could find based on the agreed upon search criteria. Subsequently, OSC supplemented its production and produced a privilege log. So OSC has fully complied with its obligations.

Your below email is mistaken to the extent it assumes that OSC agreed to waive its previously-asserted privileges.  OSC never agreed to waive its privileges.  OSC's February 9, 2023 response to the subpoena expressly raised all applicable privileges, including the mental process privilege, attorney-client privilege, the deliberative process privilege, and the attorney work product doctrine.  During our subsequent discussions, OSC maintained its privileges and thus, agreed to provide a privilege log.

The agreement that OSC's April 28, 2023 letter referenced, was subject to OSC's privileges.  Also, your paraphrase of the April 28, 2023 OSC letter is incorrect.  The April 28, 2023 letter does not state that "the parties agreed that OSC would produce all draft audits/reports prepared by Ira McCracken, Will Gomes and/or Greg Bouchard (in connection with 2019M-68)."  Rather, the letter states that:

"Per our agreement, OSC should make a partial production by April 30, 2023.  Specifically, we agreed that '[b]y April 30th, OSC to produce: (1) the official set of audit work papers (2019M-66 and 2019M-133) contained in OSC's database; and (2) concerning only 2019M-66: all draft audits/reports, and all electronic communications sent to/from Ira McCracken, Will Gomes and Gregory Bouchard.'  However, today OSC is producing all the non-privileged documents."  April 28, 2023 OSC Letter, page 1.

Therefore, OSC's April 28, 2023 letter was referring to the parties' agreement that OSC could make a partial production of non-privileged records by April 30, 2023.

**B.   A review of the parties' communications confirms that OSC's April 28, 2023 letter was referring to the parties' agreement that OSC could make a partial production of non-privileged records by April 30, 2023.**

The April 28, 2023 OSC letter does not reflect the entirety of the parties' agreement.  Rather, the parties' complete agreement is contained in various communications between OSC and the Plaintiff, from February 2023 to March 2023.  Attached hereto as **Exhibit B** is a pdf file reflecting those communications.

As the attached email chain shows, the parties met and conferred about OSC's contentions that your requests were unduly burdensome.  For instance, by a March 23, 2023 email, OSC disagreed with your proposal that nonprivileged documents be produced by March 31, 2023.  OSC stated that:

"OSC disagrees with your proposal that documents be produced by March 31, 2023.  Your proposed production deadline will worsen the significant burden and expense that your request for documents, including electronically stored information, has imposed on non-party OSC.  During our discussion, I informed you that search terms and a narrower timeframe were needed because OSC had initially collected about 59,392 potentially responsive documents. Based on a sample review, most of these documents were irrelevant.  A sample review also showed that most responsive documents consisted of privileged internal emails, with non-privileged attachments.  So extensive redactions are needed.  The preparation of a privilege log will be time-consuming."

In response to OSC's objection to your proposed production date, that same day, you suggested that "By April 30th, OSC to produce: (1) the official set of audit work papers (2019M-66 and 2019M-133) contained in OSC's database; and (2) concerning only 2019M-66: all draft audits/reports, and all electronic communications sent to/from Ira McCracken, Will Gomes and Gregory Bouchard."

A day later, OSC responded that "Rick, Thanks for your understanding.  April 30th works."

So, the parties agreed that OSC should make a partial production of non-privileged records by April 30, 2023.  But OSC diligently produced all non-privileged records on April 28, 2023.

Relatedly, the email chain attached here as Exhibit B, also shows that the parties agreed on search terms, custodians (an OSC audit database and email accounts of 8 OSC employees), and the temporal scope.

C. **All internal, non-final draft reports are privileged.**

All the internal draft reports you describe in your below emails would not have been shared with the auditee, and they are protected under the deliberative process and mental process privileges, among others. You state that:

We are aware from the "Entrance Conference Agendas" that you supplied (ex: OSC18067) that reports are initially drafted by the "audit team," at OSC's regional offices, during the "Fieldwork phase." Subsequently, the editing process takes place during the "Report writing phase," after which, the report is sent to Albany for approval. As Messrs. McCracken, Gomes and Bouchard are all part of the "audit team," our request extends from the initial report prepared in the "Fieldwork phase," to the edited draft that concludes the "Report writing phase."

To the extent the draft reports you describe fall within the ambit of, and were captured by, our agreed upon search criteria, OSC would not have produced them. They are listed in the privilege log OSC sent you. Again, OSC has already produced all the non-privileged records it could find based on the agreed upon search criteria.

Thanks,



Salomon T. Menyeng
Assistant Counsel for State Audit & Litigation
Office of the New York State Comptroller
110 State Street, 14th Floor
Albany, NY 12236
Email: smenyeng@osc.ny.gov
Office: (518) 474-6036




**From:** Rick Ostrove <ROstrove@LeedsBrownLaw.com>
**Sent:** Monday, June 12, 2023 10:16 AM
**To:** Salomon Menyeng <smenyeng@osc.ny.gov>
**Cc:** Brandon Okano <BOkano@LeedsBrownLaw.com>
**Subject:** RE: ROBERT AGOSTISI v. JOHN BENDO - Docket No.: 21-cv-07182- non-party subpoena served on the Office of the New York State Comptroller

Hi Salomon,

Thank you for sending the supplemental disclosures last week. We will review them as we continue our review of your original document production. While there will be other questions and conversations that follow this email, we have an initial question for you.

As noted in your 4/28/23 letter, the parties agreed that OSC would produce all draft audits/reports prepared by Ira McCracken, Will Gomes and/or Greg Bouchard (in connection with 2019M-68). However, among the 18,000+ documents disclosed by OSC to date, it is unclear which set(s) of documents satisfy our agreement. We are aware from the "Entrance Conference Agendas" that you supplied (ex: OSC18067) that reports are initially drafted by the "audit team," at OSC's regional offices, during the "Fieldwork phase."

Subsequently, the editing process takes place during the "Report writing phase," after which, the report is sent to Albany for approval.   As Messrs. McCracken, Gomes and Bouchard are all part of the "audit team," our request extends from the initial report prepared in the "Fieldwork phase," to the edited draft that concludes the "Report writing phase."

Would you please help identify the relevant documents, by Bates stamp range(s), so that we may evaluate?  Alternatively, if these documents were inadvertently omitted, please let us know when we may expect to receive them.

Thanks,
Rick


Rick Ostrove
Leeds Brown Law. P.C.
One Old Country Road
Carle Place, N.Y. 11514
516-873-9550
rostrove@leedsbrownlaw.com

**From:** Salomon Menyeng <smenyeng@osc.ny.gov>
**Sent:** Wednesday, May 31, 2023 2:56 PM
**To:** Rick Ostrove <ROstrove@LeedsBrownLaw.com>
**Cc:** Brandon Okano <BOkano@LeedsBrownLaw.com>
**Subject:** ROBERT AGOSTISI v. JOHN BENDO - Docket No.: 21-cv-07182- non-party subpoena served on the Office of the New York State Comptroller

Rick,

I have attached OSC's privilege log, which consists of two parts:

Part A lists emails/documents that were partially redacted. For instance, certain email chains consist of emails that OSC received from the auditee and forwarded internally. OSC redacted only the content of discussions between OSC employees and produced any non-privileged attachments. Relatedly, concerning 5 documents, OSC redacted as privileged, information identifying an informer, but OSC produced and did not redact the contents of informer communications. Also, Part A of the log tracks each page containing redactions; and it lists a document multiple times if the redactions are contained in different pages.

Part B of the log lists emails, including any attachments, that OSC withheld as privileged. Regarding, any emails chains that OSC withheld, the log identifies only the most recent string of the chain. It would be unduly burdensome and prohibitively expensive to separately log each email in a particular thread.

Notably, all of the documents that OSC withheld or redacted fall under the same category: they are internal deliberations/communications, including documents that OSC staff created to support those internal deliberations. The log contains sufficient information about email participants. Describing each withheld or redacted document with further specificity would be unduly burdensome and of no material benefit to you in assessing whether OSC's privilege claims are well-grounded. Correspondingly, rows reflecting non-privileged email attachments have been blackened out because those attachments have been or are being produced.

During the preparation of the privilege log, OSC determined that 42 documents should have been produced because they were not privileged. The 42 documents were transferred to a thumb drive which is being sent to you by regular mail. The thumb drive is password-protected. **The password is: Tully2023.** Attached is the cover letter that was sent with the production.

Lastly, the privilege log does not contain any communications regarding the criminal investigation. It would be unduly burdensome to log such information without revealing privileged, protected information. Also, as OSC previously informed you, many of those records are covered by a sealed court order. And the attorney work product, deliberative process, and attorney client privileges apply to those communications.

Thanks,


Salomon T. Menyeng
Assistant Counsel for State Audit & Litigation
Office of the New York State Comptroller
110 State Street, 14th Floor
Albany, NY 12236
Email: smenyeng@osc.ny.gov
Office: (518) 474-6036

Notice: This communication, including any attachments, is intended solely for the use of the individual or entity to which it is addressed. This communication may contain information that is protected from disclosure under State and/or Federal law. Please notify the sender immediately if you have received this communication in error and delete this email from your system. If you are not the intended recipient, you are requested not to disclose, copy, distribute or take any action in reliance on the contents of this information.
Notice: This communication, including any attachments, is intended solely for the use of the individual or entity to which it is addressed. This communication may contain information that is protected from disclosure under State and/or Federal law. Please notify the sender immediately if you have received this communication in error and delete this email from your system. If you are not the intended recipient, you are requested not to disclose, copy, distribute or take any action in reliance on the contents of this information.
Notice: This communication, including any attachments, is intended solely for the use of the individual or entity to which it is addressed. This communication may contain information that is protected from disclosure under State and/or Federal law. Please notify the sender immediately if you have received this communication in error and delete this email from your system. If you are not the intended recipient, you are requested not to disclose, copy, distribute or take any action in reliance on the contents of this information.