# EXHIBIT I



| John H. Gross
| Partner
| jhgross@ingermansmith.com

Reply to Hauppauge Office

December 14, 2022

*Via Electronic Transmission*

Rick Ostrove, Esq.
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

Re:   City of Long Beach v. Robert Agostisi, 002684/2020 – Discovery

Dear Mr. Ostrove:

On November 15, 2022, you, Seth Allen (counsel for Jack Schnirman), and counsel for the City of Long Beach met for the purpose of discussing various discovery issues in the above referenced action and in the City's related action against Mr. Schnirman. I agreed to send this letter, in anticipation of the City's initial disclosure, outlining the City's position on at-issue waiver as it relates to certain attorney-client privileged communications and other matters of concern.

The City's initial disclosure includes documents containing attorney-client privileged communications exchanged between attorneys employed in the City's Office of Corporation Counsel, and City officers and employees, concerning separation and draw down payments, made before and during Defendant Robert Agostisi's employment as an attorney for the City. The City intends to release communications of the foregoing nature to Mr. Agostisi in recognition of the fact that the Complaint in this matter puts attorney-client communications between Mr. Agostisi (the City's former Corporation Counsel) and City officers and employees "at-issue," and the City may need to rely on such communications to support one or more causes of action. Further, the City acknowledges that Mr. Agostisi may require access to such communications to formulate or support his defense in this matter.

It is the City's position that the "at-issue waiver" acknowledged herein is limited to attorney-client privileged communications concerning the transactions and occurrences alleged in the City's Complaint and the City's past practices concerning separation and draw down pay. We wish to make clear, by releasing privileged communications of this nature, the City is not waiving it's attorney-client privilege generally, and the City expressly reserves the right to object to any demands that the City considers outside the

150 Motor Parkway, Suite 400, Hauppauge, New York 11788 | Tel: 631.261.8834 | Fax: 631.261.8851 | www.ingermansmith.com

550 Mamaroneck Avenue, Suite 209, Harrison, New York 10528 | Tel: 914.777.1134 | Fax: 914.777.1955 | Keeping Education Moving Forward

scope outlined above or that are otherwise objectionable. Further, it is the City's position that the release of such communications shall not act as a waiver or forfeiture as to any third parties, including any third parties against whom the City is currently litigating or will be litigating against in the future.

To the extent that any of Defendant's demands call for, or would require, the production of attorney work product and/or attorney-client privileged communications exchanged between the City and Ingerman Smith, LLP, you are hereby put on notice that the City categorically objects to any and all such demands. Our Firm was retained by the City in November of 2019, well after the transactions that form the basis for the Complaint, as special counsel, for the purpose of counseling the City Council in its response to the wrongful conduct alleged in the Complaint. The City has done nothing to place its privileged attorney-client communications with Ingerman Smith at-issue.

Finally, you are hereby put on notice that the City expects Mr. Agostisi to honor his continuing ethical responsibility to keep all confidential and privileged information which is ultimately released confidential, and further, to take all steps necessary to prevent the unwarranted disclosure of privileged and confidential information.

In the interest of avoiding unnecessary pre-disclosure motion practice, we propose that the parties enter into a pre-disclosure discovery agreement, which addresses all of the foregoing issues. Frankly, we are reluctant to voluntarily release any privileged or confidential communications in this litigation, without first memorializing the parties' understanding in writing.

Please let us know how you would like to proceed.

Very truly yours,

JOHN H. GROSS, ESQ.
RMS/nw